IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIEDALEFOULKS,            )<br>                                                    )<br>             Plaintiff,             )<br>                                                    )     No.<br>v.                                              )<br>                                                    )     **JURY TRIAL DEMANDED**<br>JUSTIN DEAN WATSON,       )<br>                                                    )<br>             Defendant.          ) | |

## COMPLAINT

### INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages against Justin Dean Watson, for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States, and the laws of the State of Missouri. Plaintiff alleges that Defendant Watson unlawfully assaulted, battered, arrested and caused the detention and prosecution of Plaintiff, in violation of Plaintiff's constitutional rights.

2. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. Section 1367.

### PARTIES

3. Plaintiff Willie Dale Foulks is a citizen and resident of the City of Doniphan, Ripley County, State of Missouri, and the United States of America.

4. At all times referred to herein, Defendant Justin Dean Watson [hereinafter "Watson"] was a Trooper of the Missouri State Highway Patrol and at all times referred to herein was acting in such capacity as an agent, servant and employee of the Missouri State Highway Patrol, was acting under the direction and control of the Missouri State Highway Patrol and was acting pursuant to either official policy or the custom and practice of the Missouri State Highway Patrol.

5. Plaintiff sues Defendant Watson in both his individual and official capacities.

6. At all times referred to herein, Defendant Watson acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Missouri, and the Missouri State Highway Patrol and pursuant to his authority as a Missouri State trooper.

**FACTS**

7. On or about April 24, 2004, Plaintiff was driving his vehicle in Ripley County, City of Doniphan when he encountered Defendant Watson at an intersection.

8. Defendant Watson, who was on duty as a Trooper of the Missouri State Highway Patrol and who was driving a marked Highway Patrol vehicle, pursued Plaintiff's vehicle and by use of the emergency lights on his Patrol vehicle, caused Plaintiff to bring his vehicle to a stop.

9. After both vehicles were at a stop, Defendant Watson approached Plaintiff who remained seated in his vehicle.

10. Thereafter, without cause, excuse or provocation, Defendant Watson physically attacked Plaintiff.

11. Thereafter, Plaintiff was taken into custody by Defendant Watson.

12. As a direct and proximate result of the conduct of Defendant Watson as

aforedescribed, Plaintiff was injured.

13.     At no point in time, up to and including the time that Defendant Watson first pushed, grabbed and struck Plaintiff, until the conclusion of the incident, when Plaintiff was detained in the Highway Patrol vehicle, under arrest by Defendant Watson, did the Plaintiff accost, assault, resist or otherwise provoke the beating delivered upon Plaintiff by Defendant Watson.  At no time did the Plaintiff commit any offense, or threaten, strike, resist or otherwise provoke  Defendant Watson to use any level of force against him, much less the excessive and brutal level of force that was used, as aforedescribed.

14.     Thereafter, Plaintiff was conveyed to the Doniphan Police Department, where he was booked and charged with committing the offenses of Assault - 3rd Degree and Resisting Arrest.  During the booking process, Plaintiff complained of neck, shoulder and back pain.  At that point, Plaintiff was transported to the Ripley County Memorial Hospital where he was treated in the emergency department.  Upon Plaintiff's release from the hospital, he was transported back to the Doniphan Police Department where he was incarcerated.

15.     Thereafter, Plaintiff appeared in the Circuit Court of Ripley County for the trial of the Assault - 3rd Degree charge, which was tried to a jury resulting in an acquittal on January 7, 2005.  The Resisting Arrest charge was not prosecuted.

16.     The arrest of Plaintiff was without probable cause.  The charges issued against the Plaintiff have and had no legal or factual merit and were issued without probable cause.  Upon information and belief, Defendant Watson pursued the issuance of charges and the prosecution of Plaintiff.  Among the improper reasons for doing so was his desire to cover and conceal his misconduct through the issuance of false and fraudulent charges in an attempt to shift the blame

for the abuse of the Plaintiff to the Plaintiff and/or to justify the use of force that is revealed by the injuries to the Plaintiff and to thereby cover for or conceal his misconduct.

## CAUSE OF ACTION

### COUNT I

### EXCESSIVE USE OF FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANT WATSON COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant Watson in Count I, Plaintiff states:

17. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs one through 16 of this Complaint as though fully set forth herein.

18. As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of Plaintiff, by Defendant Watson, all committed under color of law and under his authority as a Trooper for the Missouri Highway Patrol, Plaintiff suffered grievous bodily harm and was deprived of his right to be free from unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

19. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendant as aforedescribed, Plaintiff suffered severe and permanent injuries and damages including injuries to his back, neck, shoulders, hips and elbow, including severe bruises, contusions, muscular sprain and strain to Plaintiff's neck and back, as well as a herniated disc in Plaintiff's spine, and Plaintiff's body was rendered weak, stiff, sore, and painful. The brutal assault and battery of Plaintiff at the hands of Defendant Watson caused Plaintiff to be fearful for

his life and the injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation. Additionally, Plaintiff has suffered special damages in the form of medical expenses, lost wages in an amount yet to be determined, and will incur future medical expenses in an amount which cannot yet be determined.

20.     The acts of Defendant Watson as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant Watson.

21.     If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Watson, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT II

### UNLAWFUL SEIZURE BY ARREST, DETENTION AND PROSECUTION BY DEFENDANT WATSON COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant Watson in Count II, Plaintiff states:

22.     By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 21 of this Complaint as though fully set forth herein.

23.     Immediately after the battery of the Plaintiff at the hands of Defendant Watson, the Defendant maliciously, and without reasonable grounds therefor, arrested and detained

Plaintiff and initiated legal proceedings in the Circuit Court of Ripley County which resulted in the prosecution of the Plaintiff as aforedescribed. The prosecution for Assault - 3rd Degree in the Circuit Court concluded in Plaintiff's favor after a jury trial which resulted in an acquittal on January 7, 2005.

24. The arrest, detention and prosecution were and are in violation of the Plaintiff's right to be free from unreasonable seizure secured by the Fourth and the Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

25. As a direct and proximate result of Defendant Watson's arrest, detention and malicious prosecution of Plaintiff as aforedescribed, Plaintiff has suffered special damages in the form of costs incurred to defend against the prosecution, and Plaintiff has suffered severe mental anguish in connection with the events and with the deprivation of his constitutional and statutory rights.

26. The acts of Defendant Watson as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant Watson.

27. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Watson, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

## ASSAULT AND BATTERY
## BY DEFENDANT WATSON
## COGNIZABLE UNDER STATE LAW

For his cause of action against Defendant Watson in Count III, Plaintiff states:

28. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 27 of this Complaint as though fully set forth herein.

29. When Defendant Watson took Plaintiff into custody as aforedescribed, Defendant Watson used more force than was reasonably necessary and lawful under the circumstances.

30. The acts of Defendant Watson were intentional, committed without just cause or provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

31. As a direct and proximate result of the acts and conduct of Defendant Watson as aforedescribed, Plaintiff suffered severe and permanent injuries and damages including injuries to his back, neck, shoulders, hips and elbow, including severe bruises, contusions, muscular sprain and strain to Plaintiff's neck and back, as well as a herniated disc in Plaintiff's spine, and Plaintiff's body was rendered weak, stiff, sore, and painful.  The assault and battery of Plaintiff at the hands of a law enforcement officer caused Plaintiff to be fearful and the injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation.  Plaintiff continues to suffer physical pain and limitations and emotional distress.

32. As a direct and proximate cause of the acts of Defendant Watson as

aforedescribed, Plaintiff suffered special damages in the form of medical expenses in excess of $50,000.00 to date and in the form of lost wages in an amount yet to be determined. Plaintiff is still receiving treatment and will incur future medical expenses.

33.     The conduct of Defendant Watson as aforedescribed was outrageous because of his evil motive and/or his reckless indifference to the rights and well-being of Plaintiff, and therefore Plaintiff is entitled to an award of punitive damages against Defendant Watson.

WHEREFORE, Plaintiff prays for judgment against Defendant Watson, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV

## MALICIOUS PROSECUTION
## BY DEFENDANT WATSON
## COGNIZABLE UNDER STATE LAW

For his cause of action against Defendant Watson in Count IV, Plaintiff states:

34.     By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 33 of this Complaint as though fully set forth herein.

35.     Defendant Watson, maliciously, without probable cause and without reasonable grounds therefore, initiated a legal proceeding in the Circuit Court of Ripley County that was concluded in favor of the Plaintiff after a jury trial resulting in an acquittal.

36.     As a direct and proximate result of Defendant Watson's actions as aforedescribed, Plaintiff has suffered special damages in the form of costs to defend the charges, severe mental and emotional pain and anguish, humiliation, damage to his reputation in the community and

consternation.

37.     Defendant Watson's acts as aforedescribed were malicious, wanton and oppressive, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Watson, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

### FALSE ARREST AND FALSE IMPRISONMENT CLAIM
### AGAINST DEFENDANT WATSON
### COGNIZABLE UNDER STATE LAW

COMES NOW Plaintiff and for his cause of action against Defendant Watson under Count V, states:

38.     By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 37 of this Complaint as though fully set forth herein.

39.     Defendant Watson at such times as previously set forth herein intentionally caused the arrest, detention, and restraint of Plaintiff against his will without probable cause that he had committed any crime.

40.     As a direct and proximate result of Defendant Watson causing the arrest, detention and prosecution of Plaintiff as afore described, Plaintiff suffered and continues to suffer emotional distress, mental anguish, pain and consternation.

41.     The conduct of Defendant was outrageous because of Defendant's evil motive and/or their reckless indifference to the rights and well-being of Plaintiff, and therefore Plaintiff Willie

Dale Foulks is entitled to an award of punitive damages against the Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant Watson, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, and such other relief as the Court deems fair and appropriate under the circumstances.

        Respectfully submitted,

By: _/s/ Michelle V. Stallings_____
Mark H. Zoole        #4773
Michelle V. Stallings        #516753
MARK ZOOLE & ASSOCIATES
1200 S. Big Bend Blvd.
St. Louis, MO  63117
(314) 647-1200
Fax:  (314) 647-8816
E-Mail:  zoole@sbcglobal.net
        mvstallings@gmail.com

and

Stephen M. Ryals        #10602
RYALS & BREED, P.C.
3120 Locust Street
St. Louis, MO  63103
(314) 862-6262
Fax:  (314) 880-2027
E-Mail: ryals@rblawstl.com

*Attorneys for Plaintiff*