INSTRUCTION NO. _____

      Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

      This is a civil case brought by the plaintiff against the defendant.  The plaintiff alleges that while the defendant was acting under color of the authority of the state of Missouri as a trooper for the Missouri State Highway Patrol, the defendants subjected the plaintiff to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right to be free from an unreasonable seizure.  The defendant denies these allegations.  It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

      From the evidence you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

      In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

      In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

      Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Eighth Circuit Model Civil Jury Instruction 1.01

Submitted by Plaintiff

INSTRUCTION NO. _____

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; [and any facts that have been judicially noticed - that is facts which I say you must accept as true.]

Certain things are not evidence.  I will list those things for you now:

1.     Statements, arguments, questions and comments by lawyers are not evidence.

2.     Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3 .     Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4 .     Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.     Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.  [You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.]

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Eighth Circuit Model Civil Jury Instruction 1.02
Submitted by Plaintiff

INSTRUCTION NO. _____


During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.


Eighth Circuit Model Civil Jury Instruction 1.03

Submitted by Plaintiff

INSTRUCTION NO. _____


At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.  You must pay close attention to the testimony as it is given.



Eighth Circuit Model Civil Jury Instruction 1.04

Submitted by Plaintiff

INSTRUCTION NO. _____

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me].  If someone should try to talk to you about the case [during the trial], please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  [In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all.  I do not know whether there might be any news reports of this case, but if there are you might inadvertently find

yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.]

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Eighth Circuit Model Civil Jury Instruction 1.05

Submitted by Plaintiff

INSTRUCTION NO. _____

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement.  Next, the defendants'
attorney may make an opening statement.  An opening statement is not evidence but is simply a
summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendants may cross-examine.
Following the plaintiff's case, the defendants may present evidence and plaintiff's counsel may
cross-examine.

After presentation of evidence is completed, the attorneys will make their closing
arguments to summarize and interpret the evidence for you.  As with opening statements, closing
arguments are not evidence.  The court will instruct you further on the law.  After that you will
retire to deliberate on your verdict.

Eighth Circuit Model Civil Jury Instruction 1.06

Submitted by Plaintiff

INSTRUCTION NO. _____

The plaintiff[s] and the defendant[s] have stipulated--that is, they have agreed--that certain facts are as counsel have just stated.  You should, therefore, treat those facts as having been proved.

Eight Circuit Model Civil Jury Instruction 2.03

Submitted by Plaintiff

INSTRUCTION NO. _____

Even though no evidence has been introduced about it, I have decided to accept as proved the facts that _____.  The rules of evidence permit the judge to accept facts which the judge believes cannot reasonably be disputed.  You must, therefore, treat this fact as proved.

Eighth Circuit Model Civil Jury Instruction 2.04

Submitted by Plaintiff

INSTRUCTION NO. _____

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because <u>all</u> are important.  This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

Eighth Circuit Model Civil Jury Instruction 3.01
Submitted by Plaintiff

INSTRUCTION NO. _____

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

Eighth Circuit Model Civil Jury Instruction 3.02
Submitted by Plaintiff

INSTRUCTION NO. _____


In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.




Eighth Circuit Model Civil Jury Instruction 3.03
Submitted by Plaintiff

INSTRUCTION NO. _____

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the greater weight of the evidence.  To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

Eighth Circuit Model Civil Jury Instruction 3.04
Submitted by Plaintiff

INSTRUCTION NO. _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Eighth Circuit Model Civil Jury Instruction 3.06
Submitted by Plaintiff

INSTRUCTION NO. _____

Your verdict must be for plaintiff Willie Dale Foulks and against defendant Justin Watson on the claim for excessive use of force if all the following elements have been proven by the greater weight or preponderance of the evidence:

First, defendant Watson forcefully grabbed Willie Dale Foulks or forcibly held Willie Dale Foulks on the ground and/or pulled, choked, jerked or twisted the head, neck, shoulder and arm(s) of Willie Dale Foulks in the act of arresting or subduing Willie Dale Foulks or after Willie Dale Foulks was in custody and restrained, and

Second, under the circumstances the use of such force was unreasonable because defendant did not have probable cause to believe that the plaintiff posed a significant threat of death or serious bodily injury to the defendant, and

Third, as a direct result, plaintiff was damaged.

In determining whether such force, was "not reasonably necessary", you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances.

If any of the above elements has not been proved by the greater weight or preponderance of the evidence, then your verdict must be for defendant.

Eighth Circuit Model Civil Jury Instruction 4.10
Submitted by Plaintiff pursuant to
Tauke v. Stine, 120 F.3d 1363, 1365 (8th Cir. 1997) and
Nelson v. County of Wright, 162 F.3d 986, 990 (8th Cir. 1998).

INSTRUCTION NO. _____

Your verdict must be for plaintiff Willie Dale Foulks and against defendant Watson on the claim for excessive use of force if all the following elements have been proved by the greater weight of the evidence:

*First*, defendant Hanner used excessive force against plaintiff Foulks by pulling, choking, twisting and jerking plaintiff Foulks while inside his vehicle, and then by pushing, twisting, throwing or forcing plaintiff Foulks to the ground, and

*Second*, the use of such force was excessive because it was not reasonably necessary for any purpose, and

*Third*, as a direct result, plaintiff was damaged.

In determining whether such force, was "not reasonably necessary," you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances.

If any of the above elements has not been proved by the greater weight of the evidence, then your verdict must be for defendant.

Eighth Circuit Model Civil Jury Instruction 4.10
Submitted by Plaintiff

INSTRUCTION NO. _____

If you find in favor of plaintiff Willie Dale Foulks, as submitted in Instruction No.

_____, then you must award plaintiff such sum as you find from the greater weight of the

evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained

and is reasonably certain to sustain in the future as a direct result of the conduct of defendant

Watson and the violation of plaintiff's constitutional rights, as submitted in Instruction _____.

You should consider the following elements of damages:

1.  The physical pain, mental and emotional suffering the plaintiff has experienced and is

reasonably certain to experience in the future;  the nature and extent of the injury,

whether the injury is temporary or permanent;

2.  The reasonable value of the medical care and supplies reasonably needed by and

actually provided to the plaintiff and reasonably certain to be needed and provided in the

future;

3.  The wages, salary, profits, reasonable value of the working time the plaintiff has lost

because of his inability to work.

Eighth Circuit Model Civil Jury Instruction 4.51
Submitted by Plaintiff, as modified by Plaintiff

INSTRUCTION NO. _____

If you find in favor of plaintiff under Instruction _____, but

you find that such plaintiff's damages have no monetary value, then you must return a verdict for

such plaintiff in the nominal amount of One Dollar ($1.00).

Eighth Circuit Model Civil Jury Instruction 4.52
Submitted by Plaintiff

INSTRUCTION NO. _____

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff Willie Dale Foulks and against defendant Watson and if you find the conduct of that defendant as submitted in Instruction _____ was recklessly and callously indifferent to plaintiff's Constitutional rights, then, in addition to any other damages to which you find plaintiff entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or deter the defendant and others from like conduct in the future.  Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

Eighth Circuit Model Civil Jury Instruction 4.53
Submitted by Plaintiff

INSTRUCTION NO. _____


     This case should be considered and decided by you as an action between persons of equal

standing in the community, of equal worth, and holding the same or similar stations in life.  All

persons stand equal before the law, and are to be dealt with as equals in a court of justice.



Devitt, Blackmar and Wolff Section 71.03
Submitted by Plaintiff

INSTRUCTION NO. _____

The federal civil rights act under which plaintiffs bring this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution.  The Fourth Amendment to the Constitution provides, in part, that:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ."

You are instructed as a matter of law that under the Constitution of the United States every citizen has the right not to be subjected to the use of unreasonable force while being pursued or arrested by a law enforcement officer.

You are further instructed that the federal civil rights statute under which plaintiff sues provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Devitt, Blackmar and Wolff Section 103.02
Submitted by Plaintiff, as modified by Plaintiff

INSTRUCTION NO. _____

If you find in favor of plaintiff Willie Dale Foulks, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained as a direct result of having his head, neck, shoulder(s) or arm(s) jerked, pulled, twisted, and being pushed or thrown to the ground.

M.A.I. 4.01 (Damages - Personal)
Submitted by Plaintiff

INSTRUCTION NO. _____

If you find the issues in favor of plaintiff Willie Dale Foulks, and if you believe the

conduct of defendant Justin Watson as submitted in Instruction Number _____ was outrageous

because of defendant's evil motive or reckless indifference to the rights of others, then in

addition to any damages to which you find plaintiff entitled under Instruction Number _____,

you may award plaintiff an additional amount as punitive damages in such sum as you believe

will serve to punish defendant and to deter defendant and others from like conduct.

M.A.I. 10.01 (Exemplary Damages - Intentional Torts)
Submitted by Plaintiff

INSTRUCTION NO. _____

Your verdict must be for plaintiff Willie Dale Foulks and against defendant Justin Watson if you believe:

First, defendant Watson accosted plaintiff Foulks with the intent to cause plaintiff apprehension of bodily harm, and

Second, defendant Watson thereby used more force than was reasonably necessary, and

Third, defendant Watson thereby caused plaintiff Foulks to be in apprehension of bodily harm.

M.A.I. 23.01 (Assault by Police Officer)
Submitted by Plaintiff

INSTRUCTION NO. _____

Your verdict must be for plaintiff Willie Dale Foulks and against defendant Justin Watson if you believe:

First, defendant Watson grabbed plaintiff around the head, neck, shoulder(s) and arm(s) and pulled, jerked, choked or twisted plaintiff's head, neck, shoulder(s) and arm(s);

Second, defendant Watson threw plaintiff to the ground, or pushed, or twisted plaintiff's head, neck, shoulder(s) and arm(s), and

Third, defendant Watson thereby used more force than was reasonably necessary, and

Fourth, defendant Watson thereby caused plaintiff bodily harm.

M.A.I. 23.02 (Battery by Police Officer)
Submitted by Plaintiff

INSTRUCTION NO. _____


Whether defendant had probable cause, as set forth in Instruction No. _____ depends

upon whether  the facts and circumstances within defendant's  knowledge and of which he had

reasonably trustworthy information were sufficient to warrant a prudent man to form the belief as

further set forth in Instruction No. _____.




Based on <u>Beck v. State of Ohio</u>, 85 S.Ct. 223, 225 (1964).
Submitted by Plaintiff.

INSTRUCTION NO. _____

Your verdict must be for plaintiff Foulks and against defendant Watson on the claim for unconstitutional seizure of plaintiff if all the following elements have been proven by the greater weight or preponderance of the evidence:

First, defendant Watson caused the arrest, detention and prosecution of plaintiff and

Second, under the circumstances the arrest, detention and prosecution of plaintiff was objectively unreasonable because

(1) it was not based on probable cause, or

(2) Watson provided false or misleading information regarding the incident on the summons issued to plaintiff, in his official reports, documents or statements to his superior officers, the Court or the prosecuting attorneys and

Third, as a direct result, plaintiff was damaged.

If any of the above elements has not been proved by the greater weight or preponderance of the evidence, then your verdict must be for defendant.

Submitted by Plaintiff and based upon:

Eighth Circuit Model Civil Jury Instruction 4.10
Albright v. Oliver, 114 S. Ct. 807, 813 (1994)
Ripson v. Alles, 21 F.3d 805 (8th Cir. 1994)
BeVier v. Hucal, 806 F.2d 123 (7th Cir. 1986)

INSTRUCTION NO. _____

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983.  The statute provides a

remedy for individuals who have been deprived of their federal constitutional rights under color

of state law.  Section 1983 states in part that:

> Every person who, under [color of state law], subjects or causes to be subjected
> any citizen of the United States or other person within the jurisdiction thereof to
> the deprivation of any rights, privileges, or immunities secured by the [United
> States] Constitution and [federal] laws, shall be liable to the party injured [for
> damages].

Section 1983 creates a form of liability in favor of people who have been deprived of

rights secured to them by the United States Constitution. It was passed by Congress to enforce

the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant

part that:

> no state shall . . . deprive any person of life, liberty, or property, without due
> process of law nor deny to any person within its jurisdiction the equal protection
> of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is

the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal

Constitution.  Plaintiff claims that his rights under the Fourth Amendment to the United States

Constitution were violated.  The Fourth Amendment provides that:

> The right of the people to be secure in their persons, houses, papers and effects
> against unreasonable searches and seizures shall not be violated.

Schwartz and Pratt, Section 1983 Litigation: Jury Instructions, § 3.01.1
Submitted by Plaintiff, as modified by Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

WILLIE DALE FOULKS,                    )
                                       )
                    Plaintiff,         )
                                       )        No. 1:09-CV-00047  LMB
v.                                     )
                                       )        **JURY TRIAL DEMANDED**
JUSTIN DEAN WATSON,                    )
                                       )
                    Defendant.         )

## <u>VERDICT</u>

*Note:   Complete this form by writing in the names required by your verdict.*

On plaintiff Willie Dale Foulks' claim for excessive use of force against defendant Watson, as submitted in Instruction No.\_\_\_\_\_, we find in favor of

_____

       (Plaintiff Willie Dale Foulks)     or          (Defendant Watson)

On plaintiff Willie Dale Foulks' claim for unconstitutional seizure against defendant Watson, as submitted in Instruction No.\_\_\_\_\_, we find in favor of

_____

       (Plaintiff Willie Dale Foulks)     or          (Defendant Watson)

On plaintiff Willie Dale Foulks' claim for damages against defendant Watson, as submitted in Instruction No.\_\_\_\_\_, we find in favor of

_____

       (Plaintiff Willie Dale Foulks)     or          (Defendant Watson)

*Note:*   *Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff.*

We find plaintiff Willie Dale Foulks' damages to be:

For excessive use of force $_____ (stating the amount).

*Note:*   *You may not award punitive damages against any defendant unless you have first found against that defendant and awarded plaintiff actual damages.*

We assess punitive damages against defendant Watson as follows:

for plaintiff Willie Dale Foulks $_____ (stating the amount or, if none, write the word "none").

_____
Foreperson

Dated:_____

Eighth Circuit Model Civil Jury Instruction 4.60
Submitted by Plaintiff

## VERDICT

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff for personal injuries against defendant Watson, we, the undersigned jurors, find in favor of:

_____

(Plaintiff Willie Dale Foulks)     or          (Defendant Watson)


Note:   Complete the following paragraph only if the above finding is in favor of plaintiff Willie Dale Foulks.

We, the undersigned jurors, assess the damages of plaintiff Willie Dale Foulks as follows:

For actual damages $_____ (*stating the amount* ).

For punitive damages $_____ (*state the amount or, if none, write the word, "none"* ).

Note: All jurors who agree to the above findings must sign below.


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

M.A.I. 36.11
Submitted by Plaintiff