IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIE DALE FOULKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:09CV 47 LMB |
| | ) |
| JUSTIN DEAN WATSON, | ) |
| | ) |
| Defendant.. | ) |

**PLAINTIFF'S MOTION IN LIMINE**

COMES NOW Plaintiff by and through counsel Stephen M. Ryals, who moves in limine for the order of the Court excluding from evidence and from mention in opening statement or closing argument the following matters:

1. ***The Testimony of Rick Plunk***.  Defendant has stated that "Mr. Plunk stated to me that Mr. Foulks pretended to fall down upon being released following his arrest and loudly proclaimed that he had been assaulted by police officers and that is why he fell.  I believe Mr. Plunk also informed me that this incident was recorded on videotape.  The testimony that Mr. Foulks "pretended" to fall down is inadmissible speculation and lacks foundation.  Moreover, Mr. Foulks does not claim that he fell as a result of the conduct of Defendant.  Plaintiff has objected to the admission of the tape that depicts Mr. Foulks' exit from the building and incorporates the same objections to the testimony about the event.

2. ***Plaintiff's Medical History.*** Plaintiff has a rather long and involved medical history.  His

       claim in this case is that the Defendant injured his neck.  As reflected in Plaintiff's objections to the defendant's exhibits, evidence of other injuries and treatments is irrelevant and any marginal relevance is outweighed by the risk of unfair prejudice to Plaintiff.  Plaintiff acknowledges that context may make otherwise inadmissible evidence or improper questions, admissible and proper.  Therefore, Plaintiff respectfully moves that before defense counsel inquire about health and medical matters other than the treatment that Plaintiff received subsequent to the injuries alleged to have been caused by Defendant, that counsel approach the bench and receive a ruling on the propriety of any questions.  Plaintiff requests that defense counsel make no mention of such evidence in voir dire or opening statement

3.    ***Plaintiff's  Encounters with or Hostility Toward Law Enforcement***.  Defendant testified that it was known, if not well known, among law enforcement in Plaintiff's community that Plaintiff is hostile to law enforcement.  Plaintiff has objected to exhibits of Defendant that reflect contacts between law enforcement and Plaintiff.  To extend the arguments made in opposition to the exhibits, the reputation of Plaintiff in the law enforcement community is irrelevant and if relevant, highly prejudicial.  It is necessarily based on hearsay and is of the type of character evidence that is specifically excluded by *Fed. R. Evid. 404(a)*.

        Respectfully submitted,
        August 23, 2010

        RYALS & BREED, P.C.

        By: */s/ Stephen M. Ryals*
        Stephen M. Ryals, #10602
        3120 Locust Street
        St. Louis, MO  63103
        Tel.: (314) 862-6262
        Fax: (314) 880-2027
        ryals@rblawstl.com

        Co-counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on counsel of record in this matter via the Court's electronic case filing system on August 23, 2010.

        */s/ Stephen M. Ryals*