**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE DALE FOULKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-CV-00047-LMB |
| | ) | |
| JUSTIN DEAN WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS

COMES NOW Defendant Watson, by and through counsel, Assistant Attorney General Theodore A. Bruce, and in response to the Plaintiff's Objections to Defendant's Designated Exhibits states:

**1. Plaintiff's medical records (Exhibits A-1 through A-8; B-1 through B-6; C-1 through C-10; D-1 through D2; E-1 through E-6; F-1 through F-7; and K):**

The records designated by the Defendant are the <u>same</u> records designated by the Plaintiff in his Exhibit List. Thus, the objection is puzzling, particularly when both parties stipulated to the authenticity of those records.

The Plaintiff is seeking damages based on assertion that his encounter with the Defendant resulted in permanent injuries to his shoulders, neck, arms and head (see his proposed Instruction, MAI 4.01). Plaintiff asserts that he had no injuries to these areas prior to his altercation with Defendant. The records show otherwise.

Plaintiff's expert witness, Dr. Scott Gibbs, testified that Plaintiff reported he had never had any problems with these areas of his body prior to the altercation. (Gibbs' deposition, p.

15). Dr. Gibbs' opinions are based on an assumption that this information from Plaintiff is accurate.

The medical records – Plaintiff's medical records – which Plaintiff objects to, clearly show otherwise. It is understandable why Plaintiff does not want the jury to see those records, but he cannot reasonably argue they are irrelevant.

2. **Video of Plaintiff at jail (Defendant's Exhibits M, N and O):**

The Plaintiff complains that following the altercation, he began to suffer severe physical problems. Yet, contrary to Plaintiff's claims, the jail video shows the Plaintiff pain free. In fact, at one point, the Plaintiff surreptitiously removes his arm sling to change clothes.

Even more revealing, and relevant, is video of the Plaintiff as he is being released from the jail to his family. The Plaintiff can be seen walking pain free and easily down the hallway and to the waiting room – until he gets to the waiting room itself where he proceeds to do a belly-flop and falsely claims to have been beaten.

The videos directly contradict Plaintiff's claim of injury.

3. **Plaintiff's Interrogatory Answers (Defendant's Exhibit P):**

The Defendant specified as part of his pretrial disclosures that he might use Plaintiff's Answers to Interrogatories 9 and 10.

4. **Plaintiff's Temporary Stay Order (Defendant's Exhibit R):**

The Plaintiff testified that when the Defendant approached his vehicle, the Plaintiff produced his driver's license. (Foulks' deposition, p. 31). There is a factual dispute whether Plaintiff produced his driver's license to the Defendant or whether he refused to do so, thus precipitating the physical encounter giving rise to this suit.

Exhibit R is an exhibit disclosed by the Plaintiff. It shows that Plaintiff did <u>not</u> have a driver's license. Instead, he was carrying a court order staying revocation of Plaintiff's license. Thus, this evidence directly refutes Plaintiff's claim that he produced his driver's license to Defendant. Plaintiff had no driver's license to produce. This fact is further verified by Defendant's Exhibits X and AA. (See Plaintiff's Objection number 7).

5. **Handcuffs (Defendant's Exhibit S):**

The Plaintiff claims that as a result of being handcuffed during his arrest, Plaintiff's wrists were bruised and bleeding from cuts. (Foulks' deposition, p. 55). Plaintiff claimed to have even photographed these cuts. (Foulks' deposition, p. 55).

The Defendant disputes that claim and intends to demonstrate how he handcuffed the Plaintiff and the steps he took to assure that no injuries occurred to Plaintiff's wrists.

Additionally, the videos of the Plaintiff at the jail (see Plaintiff's Objection number 2) show Plaintiff's wrists free of any injury and are relevant for this additional reason.

**6.     Police reports of prior encounters involving Plaintiff (Defendant's Exhibits T, U, V, W and Y):**

Plaintiff's own verdict directing instruction on use of force acknowledges that the use of force is viewed from the officer's perspective, based on the facts and circumstances known to him at the time he acts. At the time of this encounter, the Defendant was aware that Plaintiff had been involved in previous confrontations, some involving physical contact, with other police officers. This is a legitimate factor for the Defendant to consider and weigh in deciding how to react to the Plaintiff.

Indeed, Plaintiff tacitly acknowledges the relevance by asserting that the "prejudice" outweighs its relevance.

**7.     Defendant discussed the relevance of these Exhibits in paragraph 4, above.**

**8.     Resisting Arrest (Defendant's Exhibit Z):**

The Plaintiff was arrested for, among other things, resisting arrest. Under Missouri law it is illegal to resist even an unlawful arrest. The Plaintiff has a claim for an illegal arrest. At some point in this trial, Defendant anticipates asking this Court to take judicial notice of that statute because that statute is relevant to the jury's determination of Plaintiff's claim. It certainly is not "irrelevant."

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ *Theodore A. Bruce*
**THEODORE A. BRUCE**
Assistant Attorney General
Missouri Bar No. 29687

P. O. Box 899
Jefferson City, MO 65102
(573) 751-0782 Office
(573) 751-0924 Fax
ted.bruce@ago.mo.gov

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record by electronic means on this 23rd day of August, 2010:

> Michelle V. Stallings
> MARK ZOOLE & ASSOCIATES
> 1200 S. Big Bend Blvd.
> St. Louis, MO 63117
>
> Stephen M. Ryals
> RYALS & BREED, P.C.
> 3120 Locust Street
> St. Louis, MO 63103

/s/ *Theodore A. Bruce*
THEODORE A. BRUCE